**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0023n.06

No. 12-3226

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
***Jan 07, 2013***
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| ABDOULAYE SACKO, | ) |
| | ) |
| Petitioner, | ) |
| | ) ON PETITION FOR REVIEW |
| v. | ) FROM THE UNITED STATES |
| | ) BOARD OF IMMIGRATION |
| ERIC H. HOLDER, JR., Attorney General, | ) APPEALS |
| | ) |
| Respondent. | ) |

BEFORE:  COLE and DONALD, Circuit Judges; RUSSELL, District Judge.[*]

PER CURIAM.   Abdoulaye Sacko petitions for review of an order of the Board of Immigration Appeals (BIA) that affirmed an immigration judge's (IJ) denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

Sacko is a native and citizen of Mauritania.  He claims to have entered the United States on September 12, 2000.  In December 2000, Sacko filed an application for asylum, withholding of removal, and relief under the CAT, alleging that Mauritanian authorities had arrested and imprisoned him, used him as slave labor, and forcibly deported him to Senegal.  In January 2010, Sacko filed a supplemental application, making similar allegations.  The IJ denied Sacko's application, concluding that he failed to demonstrate that his asylum application was timely, he did not testify credibly, and he failed to demonstrate entitlement to relief.  The BIA affirmed the IJ's decision.

---

[*]The Honorable Thomas B. Russell, United States Senior District Judge for the Western District of Kentucky, sitting by designation.

On appeal, Sacko argues that his asylum application was timely, that his testimony was credible, and that he is entitled to asylum and withholding of removal. Where, as here, the BIA does not summarily affirm or adopt the IJ's reasoning and provides an explanation for its decision, we review the BIA's decision as the final agency determination. *Ilic-Lee v. Mukasey*, 507 F.3d 1044, 1047 (6th Cir. 2007). We review legal conclusions de novo and factual findings, including credibility determinations, for substantial evidence. *Khozhaynova v. Holder*, 641 F.3d 187, 191 (6th Cir. 2011). Under the substantial evidence standard, we will uphold administrative findings of fact unless "any reasonable adjudicator would be compelled to conclude to the contrary." *Bi Xia Qu v. Holder*, 618 F.3d 602, 605-06 (6th Cir. 2010) (quoting 8 U.S.C. § 1252(b)(4)(B)).

We lack jurisdiction to review the denial of Sacko's asylum application as untimely because he does not raise any legal or constitutional challenge to the BIA's decision on that issue. *See Fang Huang v. Mukasey*, 523 F.3d 640, 650-51 (6th Cir. 2008).

To qualify for withholding of removal, an applicant must demonstrate that it is more likely than not that, if returned to the country of removal, his life or freedom would be threatened on account of his race, religion, nationality, membership in a particular social group, or political opinion. *Vincent v. Holder*, 632 F.3d 351, 354 (6th Cir. 2011). If an applicant demonstrates that he has suffered past persecution in the country of removal on account of a protected ground, we employ a rebuttable presumption that the applicant's life or freedom would be threatened in the future. *Id.* at 354-55.

The IJ's adverse credibility determination was supported by substantial evidence, *see Khozhaynova*, 641 F.3d at 193, and the determination was based on issues that go to the heart of

Sacko's claim of persecution, *see Singh v. Ashcroft*, 398 F.3d 396, 402 (6th Cir. 2005). In his second asylum application and during his testimony, Sacko asserted that, in 1989, Mauritanian authorities arrested him and his family and detained them for seven months. In his initial asylum application, however, and in his asylum interview, which the IJ and BIA properly considered given the asylum officer's detailed assessment that contained questions and answers from the interview, *see Koulibaly v. Mukasey*, 541 F.3d 613, 620-21 (6th Cir. 2008), Sacko asserted that the detention lasted only two weeks. Sacko also testified that he was not beaten during his arrest and detention, although he alleged in his second asylum application that members of the Mauritanian military beat him with the bottom part of a gun. He further claimed during his asylum interview that he was beaten with batons. Finally, Sacko's asylum applications and his testimony were inconsistent concerning who transported him and his family to Senegal after they were released from their detention and how they entered into that country. Sacko failed to provide an adequate explanation for the discrepancies in his statements and applications for relief.

Given the proper adverse credibility determination and the lack of other evidence supporting Sacko's claims that he suffered past persecution in Mauritania and that his life or freedom would be threatened if removed to Mauritania, he did not establish that he is entitled to withholding of removal. *See El-Moussa v. Holder*, 569 F.3d 250, 257 (6th Cir. 2009). Sacko waived any challenge to the denial of relief under the CAT by failing to raise that issue on appeal. *See Shkabari v. Gonzales*, 427 F.3d 324, 327 n.1 (6th Cir. 2005).

Accordingly, we dismiss Sacko's petition for review insofar as he seeks review of the denial of his asylum application as untimely, and we deny the petition in all other respects.